EARL L. MOORE, Petitioner, v. DISTRICT COURT OF SAN JUAN, Respondent.

No. 1293.   Argued June 15, 1942.—Decided July 21, 1942.

*Antonia Gandía Guerra* for petitioner.   *Alvaro Ortiz* for intervener, plaintiff in the main action.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

Earl L. Moore leased from Compañía Agrícola Las Monjas a parcel of land for the establishment of an aviation school. He failed to pay the monthly rentals pertaining to November and December, 1941, and January 1942, and there-

upon an unlawful detainer proceeding was instituted against him in the Municipal Court of Río Piedras.

In his answer he alleged that he was forced to fall behind in his payments because he had been unable to continue operating his school by reason of certain military orders, and that it was not until January 2, 1942, that he received authorization to continue such operation and that he was willing to deposit the unpaid rentals which he subsequently did.

The municipal court decreed the dispossession by a judgment of March 28, 1942, and thereupon Moore appealed to the district court.

After the record had been filed in the district court and certain proceedings had been taken, the plaintiff moved for a dismissal of the appeal on the ground that the defendant-appellant had failed to deposit the rental which became due on April 14, and the court sustained the motion to dismiss in the following terms:

"At the first hearing held before this court in this proceeding, the defendant asked leave to file an amended answer in order to include therein the new defense that, during the pendency of the appeal before this court, the property in question was acquired in a condemnation proceeding by the United States of America. In the absence of any objection by the plaintiff, such leave was granted and the amended answer was filed.

"Now the plaintiff asks us to dismiss the appeal on the ground that the rental which became due on April 14, 1942, has not been deposited. This is so indeed. The defendant, however, maintains that there is no need to make such deposit inasmuch as the plaintiff is no longer the owner of the property. But we can not assume that to be the fact. There is involved merely an allegation in an answer. . . The requisite of depositing the rentals seeks to protect the plaintiff in the event that its complaint should turn out to be well founded. If it should turn out to be groundless, if it should appear that the plaintiff was not entitled to collect the rentals, the defendant would have the right to have the same returned to him. During the pendency of the appeal, however, the statutory duty

on the part of the defendant to deposit the rentals as they become due is clear.''

The appellant sought a reconsideration which the court denied, thus:

''We are asked to reconsider our order of April 25, 1942, on the ground that we refused to assume that the plaintiff had ceased to be the owner of the property. The defendant maintains that this is a fact admitted by the plaintiff. Undoubtedly the plaintiff, in arguing the motion to dismiss, started from the premise that the property had already passed into the hands of other persons, but we doubt whether the plaintiff's oral argument to that effect could be interpreted as an express admission of the allegation in the answer. . .''

■■ We have read the stenographic record attached to the original record of appeal before the district court and we find that the judge thereof when stating in his above-quoted decisions what had transpired and the scope of the alleged admission on the part of the plaintiff-appellee, strictly adhered to the facts.

The legal provision relied on by the appellee, and applied by the court, is conclusive. It is as follows:

''In the appeals taken in actions commenced for nonpayment of the stipulated rentals, the plaintiff may, at any stage of the appeal, move for the dismissal of the same in case the defendant fails to deposit in the office of the secretary of the court the amount of each and all of the installments under the lease as they become due.'' Section 634 of the Code of Civil Procedure, 1933 edition, equivalent to section 15 of the Unlawful Detainer Act of 1905.

Here there was involved an appeal taken in an unlawful detainer proceeding based on the nonpayment of rent, and it is admitted that the rent due was not deposited. The dismissal was unavoidable.

It may be that the appellant is right in his assertion, but in view of the facts as they appeared in the record when the failure to make the deposit occurred, when the dismissal was sought on that ground, and when the judge ordered such dismissal, no other decision was possible under the law,

since at no time had the defendant-appellant proved, as he could and should have proved, the alleged condemnation of the land by the United States of America.

The writ issued must be discharged, the petition for certiorari denied, and the original record of the unlawful detainer proceeding returned to the district court.